UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMMY GARRISON, an individual, and CHRISTINE GARRISON, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>REGINALD BUDDY RINGGOLD, III aka Rasool Abdul Rahim El, an individual, ROSEGOLD INVESTMENTS, LLP, a Delaware Partnership, and MASTER INVESTMENT GROUP, INC., a California Corporation,<br><br>Defendants. | Case No.: 19cv244-GPC(RBB)<br><br>**ORDER GRANTING PLAINTIFFS/COUNTERDEFENDANTS' MOTION TO DISMISS COUNTERCLAIM AS UNOPPOSED AND DENYING PLAINTIFFS/COUNTERDEFENDANTS' REQUEST FOR ATTORNEY'S FEES**<br><br>**[Dkt. No. 20.]** |

Before the Court is Plaintiffs/Counterdefendants' motion to strike and dismiss the counterclaims raised by Defendant/Counterclaimant against them. (Dkt. No. 20.) Defendant did not file an opposition. On August 6, 2019, in reply, Plaintiffs asked the Court to grant the motion in its entirety as unopposed pursuant to S.D. Local Civil Rule 7.1(f)(3)(c). (Dkt. No. 23.) Based on the reasoning below, the Court GRANTS

1

Plaintiffs' motion to dismiss as unopposed and DENIES without prejudice their request for attorney's fees.

## Background

Plaintiff Tommy Garrison, who is over 65 years old, and his wife, Plaintiff Christine Garrison (collectively "Plaintiffs") filed a complaint for securities violations and financial elder abuse against Defendant Reginald Buddy Ringgold, III aka Rasool Abdul Rahim El, ("Defendant" or "Ringgold"), Rosegold Investments LLP, and Master Investment Group, Inc.[1] (Dkt. No. 1, Compl. ¶¶ 16, 21, 22.) On May 13, 2019, the Court granted in part and denied in part Defendant Ringgold's motion to dismiss with leave to amend. (Dkt. No. 16.) On May 28, 2019, Plaintiffs filed an amended complaint alleging the same three causes of action. (Dkt. No. 17.) Defendant Ringgold, proceeding pro se, filed an answer and a counterclaim. (Dkt. No. 18.) The counterclaim alleges malicious prosecution and abuse of process, defamation, emotional distress, and seeks punitive damages. (Dkt. No. 18 at 18-20.) On July 9, 2019, Plaintiffs filed a motion to dismiss the counterclaims under California's anti-Strategic Lawsuit Against Public Participation, or anti-Slapp statute, pursuant to California Code of Civil Procedure section 425.16(e)(4), or in the alternative, dismissed as insufficient as a matter of law. (Dkt. No. 20.) No opposition has been filed.

## Discussion

Civil Local Rule 7.1.e.2 requires a party opposing a motion to file an opposition or statement of non-opposition within fourteen calendar days of the noticed hearing (or when otherwise scheduled by the Court). Civ. Local R. 7.1.e.2; <u>Turner v. Berryhill</u>, No. 17CV1130-CAB-BGS, 2018 WL 501010, at *3 (S.D. Cal. Jan. 19, 2018). Failure to comply with the rule "may constitute a consent to the granting of a motion." Civ. Local R. 7.1.f.3.c. Local rules have the force of law, <u>United States v. Hvass</u>, 355 U.S. 570,

---

[1] Default was entered against Defendants Rosegold Investments LLP and Master Investment Group, Inc. on April 3, 2019. (Dkt. No. 14.)

574-75 (1958), and courts have discretion to dismiss cases for failure to comply with the local rules. Ghazali v. Moran, 36 F.3d 52, 53 (9th Cir. 1995) (affirming grant of an unopposed motion to dismiss under local rule by deeming a pro se litigant's failure to oppose as consent to grant the motion).

Here, the Court issued a briefing scheduling requiring Defendant to file an opposition on or before July 26, 2019. (Dkt. No. 21.) To date, Plaintiff has not filed an opposition. Accordingly, the Court GRANTS Plaintiff's motion to dismiss the counterclaims as unopposed. See Ghazali, 36 F.3d at 53.

In their motion, Plaintiffs also request attorneys' fees in the amount of $8,150.00 for the time spent preparing the anti-Slapp motion.

The anti-SLAPP statute provides that "a prevailing defendant on a special motion to strike shall be entitled to recover his or her attorney's fees and costs." Cal. Civ. Proc. Code § 425.16(c). Here, the Court grants the motion to dismiss the counterclaim as unopposed. In their reply, Plaintiffs do not address whether they are entitled to attorney's fees and costs as prevailing parties when a motion to dismiss is granted. Accordingly, the Court DENIES without prejudice Plaintiffs' request for attorneys' fees and costs.

## Conclusion

Based on the above, the Court GRANTS Plaintiffs' motion to dismiss the counterclaim as unopposed. The Court DENIES Plaintiffs' request for attorney's fees without prejudice. Plaintiffs may refile their request for attorney's fees within 20 days of the date of this Order demonstrating that they are entitled to attorneys' fees under the anti-SLAPP statute as prevailing parties. The hearing set on September 6, 2019 shall be **vacated.**

IT IS SO ORDERED.

Dated: August 26, 2019

Hon. Gonzalo P. Curiel
United States District Judge