THE RESTIS LAW FIRM, P.C.
William R. Restis, Esq. (SBN 246823)
william@restislaw.com
402 West Broadway, Suite 1520
San Diego, California 92101
Tel: +1.619.270.8383


Attorney for Tommy Garrison and Christine Garrison


# UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **TOMMY GARRISON**, an Individual, **CHRISTINE GARRISON**, an Individual, <br><br> Plaintiffs, <br><br> v. <br><br> **REGINALD BUDDY RINGGOLD, III aka Rasool Abdul Rahim El,** an Individual, **ROSEGOLD INVESTMENTS, LLP**, a Delaware Partnership, **and MASTER INVESTMENT GROUP, INC.**, a California Corporation, <br><br> Defendants. | Case No: 3:19-cv-00244-GPC-MSB <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ATTORNEY'S FEES ON ANTI-SLAPP MOTION** <br><br> Date:  November 8, 2019 <br> Time: 1:30 p.m. <br> Judge: Hon. Gonzalo P. Curiel <br> Place: Courtroom 2D <br><br> **Related Case:** SEC v. Blockvest, LLC et al., No. 3:18-cv-2287 (S.D. Cal.) (Curiel J.) |

Pursuant to California Code of Civil Procedure § 425.16(c) (the "Anti-SLAPP"), Plaintiffs Tommy Garrison and Christine Garrison ("Plaintiffs" or "the Garrisons") hereby respectfully move for an award of attorney's fees as prevailing parties on their previously granted motion to strike the counterclaims asserted by defendant Reginald Buddy Ringgold III's a/k/a Rasool Abdul-Rahim El ("Defendant" or "Ringgold") in his Answer to First Amended Complaint & Counterclaim. *See* Dkt No 27 (Order Granting Anti-SLAPP motion).

## I.   INTRODUCTION

On August 26, 2019, this Honorable Court Granted Plaintiffs' Anti-SLAPP motion to strike Defendant Ringgold's counterclaims, as unopposed. Dkt No. 27. In doing so, the Court noted that "in their reply, Plaintiffs do not address whether they are entitled to attorney's fees and costs as prevailing parties when a motion to dismiss is granted. Accordingly, the Court DENIES without prejudice Plaintiffs' request for attorneys' fees and costs." *Id.,* at p. 3:14-25. The Court granted Plaintiffs leave to "refile their request for attorney's fees … demonstrating that they are entitled to attorneys' fees under the anti-SLAPP statute as prevailing parties." *Id.*, at p. 3:20-22.

As described below, Plaintiffs are the "prevailing parties" on their Anti-SLAPP motion, and the fees requested are appropriate under Ninth Circuit precedent.

## II.   THE GARRISONS ARE "PREVAILING PARTIES" ENTITLED TO THEIR ATTORNEYS FEES

### a.  The Garrisons Are "Prevailing Parties"

Under California Code of Civil Procedure § 425.16(c)(1), "a prevailing defendant on a special motion to strike <u>shall</u> be entitled to recover his or her attorney's fees and costs") (emphasis added). *Espinoza v. City of Imperial*, 2008 U.S. Dist. LEXIS 45611, at *16 (S.D. Cal. June 6, 2008) citing *Ketchum v. Moses*, 24 Cal.4th 1122, 1131, 104 (2001) ("any SLAPP defendant who brings a successful motion to strike is entitled to mandatory attorney fees").

- 1 -

The "concept of what renders a litigant a prevailing party is to be broadly construed." *Brown v. Elec. Arts, Inc.*, 722 F. Supp. 2d 1148, 1155 (C.D. Cal. 2010) citing CAL. CIV. PROC. CODE § 425.16(a) and *Lin v. City of Pleasanton*, 176 Cal. App. 4th 408, 425-26, 96 Cal. Rptr. 3d 730 (2009) ("The term 'prevailing party' must be 'interpreted broadly to favor an award of attorney fees to a partially successful defendant.'"), *review denied*, 2009 Cal. LEXIS 10795 (Cal. Oct. 14, 2009).

Even when the Anti-SLAPP motion is unopposed, or the defendant is voluntarily dismissed without a ruling on the Anti-SLAPP motion, the defendant has "prevailed." *Gottesman v. Santana*, 263 F. Supp. 3d 1034, 1043-44 (S.D. Cal. 2017) (citing cases and holding that defendant is "prevailing party" even after plaintiff failed to oppose the Anti-SLAPP motion, and instead dismissed them from the action following filing of Anti-SLAPP motion); *State Farm Fire & Cas. Co. v. Sellers*, 2018 U.S. Dist. LEXIS 188908, at *2 (D. Or. Nov. 5, 2018) (finding that plaintiff was prevailing party on a motion where the defendant failed to oppose).

A party is also "prevailing" if the Anti-SLAPP motion was brought in conjunction with a 12(b)(6) motion to dismiss. In *Blackburn v. ABC Legal Servs.*, 2012 U.S. Dist. LEXIS 43172 (N.D. Cal. Feb. 24, 2012), the court was presented with a motion for attorneys fees on an Anti-SLAPP motion to strike that was filed as a joint motion also seeking relief under Rule 12(b)(6). *Id.,* at *8. Citing cases, the Court held that "if an anti-SLAPP motion and a motion unrelated to the anti-SLAPP statute are brought together and the facts and legal arguments are common among the claims subject to the anti-SLAPP motion and claims not subject to the anti-SLAPP motion, the attorneys' fees need not be apportioned between the motions; the fees incurred for both motions may be granted." *Id.*, at p. 6-7; *also id.*, at pp. 10-11.

Under this case law, Plaintiffs are the prevailing parties on their Anti-SLAPP motion even though Ringgold failed to oppose it. And because the "facts and legal

- 2 -

arguments" related to Plaintiffs' Anti-SLAPP motion to strike and Rule 12(b)(6) motion to dismiss were inextricably intertwined, Plaintiffs have prevailed.

### b. The Attorneys Fees Are Appropriate And Should Be Awarded

The Anti-SLAPP's attorneys' fees provision is broadly construed to effectuate the legislative purpose of reimbursing the prevailing defendant for expenses incurred in extricating himself or herself from a baseless lawsuit, even if the Anti-SLAPP motion is granted only as to some claims. *Espinoza,* at \*16 (citing cases).

The lodestar method applies to the determination of a proper attorneys' fees award for an Anti-SLAPP prevailing party. *Espinoza,* at \* 17 citing *Mann v. Quality Old Time Service, Inc.*, 139 Cal.App.4th 328, 342 (2006) and *Ketchum*, 24 Cal.4th at 1236. Under the lodestar method, reasonable hourly rates are determined by the prevailing market rate in the community for similar services of lawyers of reasonably comparable "skill, experience, and reputation." *Gonzalez v. City of Maywood,* 729 F.3d 1196, 1205 (9th Cir. 2013) "Generally, when determining a reasonable hourly rate, the relevant community is the forum in which the district court sits," here the Southern District of California. *Id.*

An attorney's actual billing rate is presumptively appropriate to use as the lodestar market rate. *See People Who Care v. Rockford Bd. of Educ.*, 90 F.3d 1307, 1310 (7th Cir. 1996). "Affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990).

Plaintiffs have submitted a sworn declaration by their attorney William R. Restis, which attests Counsel's (discounted) hourly rates, total hours devoted to this Anti-SLAPP motion, and experience. *See* Restis Decl., ¶¶ 2-5, and Ex. A. The hourly rates submitted by Counsel reflect his (discounted) billing rates, which are presumptively

- 3 -

appropriate. Counsel is a highly-respected members of the bar with extensive experience in prosecuting and defending high-stakes, complex litigation. *Id.,* ¶ 2, and Ex. A. Counsel's rates are appropriate for complex litigation and reflect a high level of experience and skill necessary for success in this action. Counsel has expended the time listed below in drafting and filing this Anti-SLAPP motion and supporting papers:

| Individual | Rate | | Hours | Fee |
|---|---|---|---|---|
| William R. Restis (P) | $ | 650.00 | 12.1 | $7,865 |
| Anne Donovan (Para) | $ | 150.00 | 1.9 | $285 |
| **Totals** | $ | | 14.0 | $8,150 |

*See* Restis Decl Decl., ¶ 5. This time calculated *excludes* the time expended to draft the Rule 12(b)(6) portion of Plaintiffs' Motion, drafting of the reply thereto, and also this separate motion for attorneys fees. *Id.* Should the Court require a detailed review of time sheets, Counsel will submit them for *in camera* review. *Id.,* ¶ 6.

Counsel's hourly rates are comparable to those approved in this District. *See, e.g.,* *Carr v. Tadin, Inc.,* 2014 WL 7499454, * 6 (S.D. Cal. Dec. 5, 2014) (surveying fee awards in cases in the Southern District and awarding $650 for partner with 19 years of experience, $375 for associate with 3 years of experience, $350 for associates with 4 years of experience, $335 for associate with one year of experience, $200 for a law clerk, and $150 for paralegals/legal assistants); *Id., * 7 (citing *In re Hydroxycut Mktg. & Sales Practices Litig.,* No. 3:09–MD–02087–BTM (KSC), which approved the following 2009 hourly rates: partner admitted 1990, $695; partner admitted 1995, $585; partner admitted 2006, $510; associate admitted 2007, $410; paralegals $150-$290; document clerk $225); *Iorio v. Allianz Life Ins. Co. of N. Am., Inc.*, 2011 U.S. Dist. LEXIS 21824, at *31-32 (S.D. Cal. Mar. 3, 2011) (approving rates between $595-$750 for partners, $410-$575 for associates, and $195 for paralegals).

## III. CONCLUSION

- 4 -

For all the reasons stated above, Plaintiffs awarded their reasonable attorneys fees as described herein.

September 13, 2019                                    Respectfully submitted,

                                                     THE RESTIS LAW FIRM, P.C.

                                                     /s/ William R. Restis____
                                                     William R. Restis, Esq.
                                                     402 W. Broadway, Suite 1520
                                                     San Diego, CA 92101
                                                     Tel: +1.619.270.8383
                                                     Email: william@restislaw.com

- 5 -