UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMMY GARRISON, an individual, and CHRISTINE GARRISON, an individual , <br><br> Plaintiffs, <br><br> v. <br><br> REGINALD BUDDY RINGGOLD, III aka Rasool Abdul Rahim El, an individual, ROSEGOLD INVESTMENTS, LLP, a Delaware Partnership, and MASTER INVESTMENT GROUP, INC., a California Corporation, <br><br> Defendants. | Case No.: 19cv244-GPC(RBB) <br><br> **ORDER GRANTING IN PART PLAINTIFFS/COUNTERDEFENDANTS' MOTION FOR ATTORNEY'S FEES** <br><br> **[Dkt. No. 33.]** |

Before the Court is Plaintiffs/Counterdefendants' motion for attorney's fees pursuant to the anti-SLAPP statute under California Code of Civil Procedure section 425.16(c). (Dkt. No. 33.) Defendant/Counterclaimant Reginald Buddy Ringgold, III filed an opposition. (Dkt. No. 38.) Plaintiffs/Counterdefendants replied. (Dkt. No. 39.) Based on the reasoning below, the Court GRANTS in PART Plaintiffs' motion for attorney's fees.

**Background**

Plaintiff Tommy Garrison, who is over 65 years old, and his wife, Plaintiff Christine Garrison (collectively "Plaintiffs" or "Garrisons") filed a complaint for securities violations and financial elder abuse against Defendant Reginald Buddy Ringgold, III aka Rasool Abdul Rahim El, ("Defendant" or "Ringgold"), Rosegold Investments LLP, and Master Investment Group, Inc.[1] (Dkt. No. 1, Compl. ¶¶ 16, 21, 22.) On May 13, 2019, the Court granted in part and denied in part Defendant Ringgold's motion to dismiss with leave to amend. (Dkt. No. 16.) On May 28, 2019, Plaintiffs filed an amended complaint alleging the same three causes of action. (Dkt. No. 17.) Defendant Ringgold, proceeding pro se, filed an answer and a counterclaim. (Dkt. No. 18.) The counterclaim alleged malicious prosecution and abuse of process, defamation, emotional distress, and sought punitive damages. (Dkt. No. 18 at 18-20.) On July 9, 2019, Plaintiffs/Counterdefendants filed a motion to strike the counterclaims under California's anti-Strategic Lawsuit Against Public Participation ("anti-SLAPP statute") pursuant to California Code of Civil Procedure section 425.16(e)(4), or in the alternative, motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 20.) Defendant/Counterclaimant did not file an opposition. On August 26, 2019, the Court granted the Garrisons' motion to strike and dismissed the counterclaims as unopposed. (Dkt. No. 20.) In that order, the Court denied without prejudice Plaintiffs' request for attorney's fees as they did not demonstrate that they were "prevailing parties" as required under the anti-SLAPP statute. On September 13, 2019, Plaintiffs filed a motion for attorney's fee under the anti-SLAPP statute seeking fees in the amount of $8,150.00. (Dkt. No. 33.) On this motion, Ringgold filed an opposition. (Dkt. No. 38.) The Garrisons also filed a reply. (Dkt. No. 39.)

///

---

[1] Default judgment was entered against Defendants Rosegold Investments LLP and Master Investment Group, Inc. on September 25, 2019. (Dkt. No. 36.)

## Discussion

**A. Prevailing Parties under anti-SLAPP Statute**

The anti-SLAPP statute provides that "a prevailing defendant on a special motion to strike shall be entitled to recover his or her attorney's fees and costs." Cal. Civ. Proc. Code § 425.16(c). Under the anti-SLAPP statute, an award of attorney's fees to a prevailing defendant is mandatory. Christian Research Inst. v. Alnor, 165 Cal. App. 4th 1315, 1321 (2008). The anti-SLAPP statute is "intended to compensate a defendant for the expense of responding to a SLAPP suit. To this end, the provision is broadly construed so as to effectuate the legislative purpose of reimbursing the prevailing defendant for expenses incurred in extracting herself from a baseless lawsuit." Graham-Sult v. Clainos, 756 F.3d 724, 752 (9th Cir. 2014) (quoting Wanland v. Law Offices of Mastagni, Holstedt & Chiurazzi, 141 Cal. App. 4th 15, 21 (2006)).

The Garrisons, relying on Gottesman v. Santana, 263 F. Supp. 3d 1034, 1043-44 (S.D. Cal. 2017), argue they are prevailing parties under the anti-SLAPP statue even if the anti-SLAPP motion was unopposed or the action was voluntarily dismissed after the anti-SLAPP motion was filed. Ringgold responds that due to recent hardships, he was unable to file an opposition to the motion to strike because he was homeless for a couple of months and was unable to access the internet to view the courthouse records.

In Gottesman, the district court recognized a split in California courts in "determining whether a defendant is a prevailing defendant under the anti-SLAPP statute when that defendant has been voluntarily dismissed from the action" and followed the pragmatic approach of Coltrain v. Shewalter, 66 Cal. App. 4th 94, 107 (1998), an analysis that most federal courts follow. Gottesman, 263 F. Supp. 3d at 1043. This Court also recently relied on the reasoning in Gottesman. See Primacy Eng'g, Inc. v. ITE, Inc., Case No. 18cv1781-GPC(MDD), 2019 WL 2059668, at *3-4 (S.D. Cal. May 9, 2019) and applied it to dismissal due to Plaintiff's non-opposition to a motion to dismiss. (Case No. 18cv1781-GPC(MDD), Dkt. No. 45 at 4 (S.D. Cal. Jan. 4, 2019) (citing Pfeiffer Venice Properties v. Bernard, 101 Cal. App. 4th 211, 218 (2002) ("[A] defendant who

has been sued in violation of his or her free speech rights is entitled to an award of attorney fees . . . even if the matter has been dismissed prior to the hearing on that motion."); Wilkerson v. Sullivan, 99 Cal. App. 4th 443, 446 (2002); Plevin v. City and Cnty. of San Francisco, No. C 11-02359 CW, 2011 WL 3240536, at *4 (N. D. Cal. July 29, 2011)).

The court of appeal in Coltrain noted that when "the plaintiff voluntarily dismisses an alleged SLAPP suit while a special motion to strike is pending, the trial court has discretion to determine whether the defendant is the prevailing party for purposes of attorney's fees under Code of Civil Procedure section 425.16, subdivision (c)." Coltrain, 66 Cal. App. 4th at 107. A SLAPP plaintiff's voluntary dismissal or failure to oppose a motion to dismiss raises a rebuttable presumption that the defendant is the prevailing party. Id. Then a plaintiff "may try to show it actually dismissed because it had substantially achieved its goals through a settlement or other means, because the defendant was insolvent, or for other reasons unrelated to the probability of success on the merits." Id. In determining whether to exercise their discretion to deem a defendant a prevailing party, courts must consider the "critical issue" of "which party realized its objectives in the litigation." Id. In Coltrain, the SLAPP plaintiffs dismissed the case after the anti-SLAPP motion was filed because they ran out of money yet they did not produce any evidence so the presumption was not rebutted. Id. The court of appeal held that the trial court correctly concluded that the defendants were the prevailing parties. Id. at 108.

Here, because Ringgold did not oppose the motion to strike, a presumption arises that the Garrisons are the prevailing parties. In opposing the attorney's fee motion, Defendant explains that he is proceeding pro per and suffered recent hardship which caused him to become homeless for a couple of months preventing him from accessing the internet in order to access the courthouse records. (Dkt. No. 28.) Therefore, he claims he was unable to file an opposition to the anti-SLAPP motion before the deadline.

Yet, Ringgold has not provided any evidence, such as by declaration, to support his claim that he suffered hardship and was unable to access the court's docket or file his opposition because he did not have access to the internet. He also does not state when he was homeless. Moreover, even if Ringgold was homeless, he had the option to access the court records by visiting the Clerk's Office. The Court notes that Ringgold attended an Early Neutral Evaluation conference with the Magistrate Judge on August 16, 2019, prior to the Court's ruling. (See Dkt. No 24.) On that date, he could have visited the Clerk's Office to look up his case and could have sought an extension of time to file a late opposition. He does not claim that he never received the anti-SLAPP motion, filed on July 9, 2019, or the Court's order ruling on the motion filed on August 26, 2019. After he received the Court's order granting dismissal of the counterclaim, he could also have sought relief from the Court's order. Ringgold did not object until he filed his opposition to the instant motion on October 10, 2019. (Dkt. No. 38.) Thus, by failing to produce any evidence to support his argument, the Court concludes that Ringgold has failed to rebut the presumption that the Garrisons are the prevailing parties under section 425.16(c). See Coltrain, 66 Cal. App. 4th at 107 (presumption not rebutted due to failure to produce any evidence). The Garrisons are prevailing parties under the anti-SLAPP statute and the Court now considers what amount of attorney's fees are reasonable.

**B.     Amount of Attorney's Fees**

The district court has wide discretion in determining the reasonableness of attorney's fees. Gates v. Deukmejian, 987 F.2d 1392, 1398 (9th Cir. 1992). California courts use the lodestar method to compute attorney fees. See Ketchum v. Moses, 24 Cal. 4th 1122, 1133-36 (2001); Serrano v. Priest, 20 Cal. 3d 25, 48-49 (1977). The lodestar method is calculated on the "careful compilation of the time spent and reasonably hourly compensation of each attorney." Ketchum, 24 Cal. 4th at 1131-32 (quoting Serrano, 20 Cal. 3d at 48). The lodestar "may be adjusted by the court based on factors including . . . (1) the novelty and difficulty of the questions involved, (2) the skill displayed in presenting them, (3) the extent to which the nature of the litigation precluded other

employment by the attorneys, (4) the contingent nature of the fee award." <u>Ketchum</u>, 24 Cal. 4th at 1132. Plaintiff has the burden to establish entitlement to fees and provide supporting evidence. <u>See</u> <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 437 (1983). The Court may reduce an award based on inadequate documentation of hours or rates requested. <u>Id.</u> at 433. A prevailing party is entitled to a reasonable award and the court does not simply award the amount requested but exercises its discretion to determine whether the fees requested are reasonable. <u>Christian Research Inst.</u>, 165 Cal. App. 4th at 1321.

      1.    **Lodestar Calculations**

          a.    **Reasonable Hourly Rate**

A reasonable hourly rate "is that prevailing in the community for similar work." <u>Kearney v. Foley and Lardner</u>, 553 F. Supp. 2d 1178, 1185 (S.D. Cal. 2008) (quoting <u>PLCM Group v. Drexler</u>, 22 Cal. 4th 1084, 1095 (2000)). The relevant community is usually the forum in which the district court sits. <u>Scott v. Kelkris Assocs.</u>, 2:10–CV–1654 WBS, 2012 WL 1131360, at *5 (E.D. Cal. Mar. 29, 2012) (finding the Eastern District of California to be the relevant community in motion pursuant to anti-SLAPP statutes). Ordinarily, "[a]ffidavits of the [prevailing party's] attorney[s] and other attorneys regarding prevailing fees in the community, and rate determinations in other cases . . . are satisfactory evidence of the prevailing market rate." <u>United Steelworkers of Am. v. Phelps Dodge Corp.</u>, 896 F.2d 403, 407 (9th Cir. 1990).

Plaintiffs submitted a declaration to support their request for fees for work performed by William Restis and his paralegal as well as the billing record. (Dkt. No. 33-2, Restis Decl.; Dkt. No. 39-1, Restis Decl.) Restis states he has over 13 years of experience prosecuting consumer and securities actions and corporate governance matters. (Dkt. No. 33-2, Restis Decl. ¶ 2.; <u>id.</u>, Ex. A.) Plaintiffs seeks $650.00 per hour for Attorney William Restis and $150 per hour for his paralegal even though his usual and customary hourly rate is $750 per hour and his paralegal rate is usually $190 per hour. (Dkt. No. 33-2 Restis Decl. ¶¶ 3, 4.)

To support the $650 per hour rate, Plaintiffs cite to cases awarding attorney's fees to plaintiff's counsel in class action cases but they involve more complex issues. See Iorio v. Allianz Life Ins. Co. of N. America, Inc., Case No. 05cv633-JLS(CAB), 2011 WL 13177361, at *9 (S.D. Cal. Mar. 3, 2011) (billing rates of $410 - $750 per hour for class counsels were reasonable due to the complexity of the litigation and counsels' experience, reputation and competence and are in line with comparable complex work by comparably qualified counsel); Carr v. Tadin, Inc., 51 F. Supp. 3d 970, 978-79 (S.D. Cal. 2014) (assessing class counsel's hourly rate by surveying fee awards in other class action settlements).

Instead, the Court concludes, after a review of cases in non-class action cases, that $550 per hour is the prevailing rate in this district based on counsel's skill and experience. See Primacy Eng'g, Inc., Case No. 18cv1781-GPC(MDD), Dkt. No. 45 at 10 ($550 per hour for partners at a firm was reasonable); Johnson v. Auto Zone, Inc., Case No. 17cv2941-PJH, 2019 WL 2288111, at *6 (N.D. Cal. May 29, 2019) (reducing hourly rate for experienced San Diego ADA attorneys from $650 per hour to $425 per hour); Lewis v. Cnty. of San Diego, Case No. 13cv2818-H-JMA, 2017 WL 6326972, at *12 (S.D. Cal. Dec. 11, 2017) (reducing hour rate of 17 year experienced attorneys' request from $650 and $700 per hour to $450 per hour); Brighton Collectibles, Inc. v. Coldwater Creek Inc., 06cv1848–H(POR), 2009 WL 160235, at *4 (S.D. Cal. Jan. 20, 2009) ($550 per hour for lead counsel with 25 years of experience, and $625 for outside, general counsel's work with 35 years of experience were reasonable); Moore v. Bank of America, N.A. (USA), No. 03cv520-IEG, 2008 WL 68851, at *3 (S.D. Cal. Jan.7, 2008) ($550 per hour was reasonable in Truth in Lending Act cause of action).

As to the paralegal rate, Plaintiffs seek $150 per hour yet does not provide any evidence as to the background and experience of the paralegal and has failed to provide support that the $150 per hour is a prevailing market rate for paralegals in this district. Because Plaintiffs have failed to provide any support for the $150 per hour for the paralegal, the Court DENIES Plaintiffs' request for the paralegal fee. See Zest IP

Holdings, LLC v. Implant Direct Mfg., LLC, No. 10–cv–541–GPC (WVG), 2014 WL 6851612, at *6 (S.D. Cal. Dec. 3, 2014) (denying paralegal fees because insufficient facts were presented as to the paralegal hourly rate); Brighton Collectibles, Inc. v. RK Texas Leather Mfg., No. 10–cv–419–GPC (WVG), 2014 WL 5438532, at *5 (S.D. Cal. Oct. 24, 2014) (same); J & J Sports Prods., Inc. v. Ortiz, No. 12–cv–05766–LHK, 2014 WL 1266267, at *3–4 (N.D. Cal. Mar.24, 2014) (denying attorney's fees, including for "research attorney," because plaintiff failed to provide evidence of prevailing market rates or attorneys' experience).

The Court finds that $550 per hour reasonable for William Restis and DENIES the Garrisons' request for paralegal fees.

### b. Hours Reasonably Expended

Plaintiffs' counsel asserts he spent a total of 12.1 hours on the motion and did not include time that was spent on drafting the Rule 12(b)(6) portion of the motion to dismiss and did not include time to draft the reply to the motion to dismiss as well as the reply to the instant motion. (Dkt. No. 33-2, Restis Decl. ¶ 5.) Therefore, they contend 12.1 hours spent by Restis is reasonable.

Ringgold generally objects arguing the fee is excessive, ridiculous and outrageous. First, he contends that the records are ambiguous because they do not specify what amount of time was spent on what activity. In the reply, Restis submitted his detailed time records.

Next, Ringgold claims that the work is duplicative, irrelevant or inefficient. However, a review of the records demonstrates that the work performed by Restis was not duplicative, irrelevant or inefficient. Moreover, contrary to Defendant's argument, Plaintiffs are not seeking multipliers above the lodestar amount. The Court finds that the 12.1 hours spent on the motion to strike was reasonable in light of the fact that Plaintiffs did not include fees for drafting the reply to the motion to strike as well as the reply to this motion.

/ / /

**Conclusion**

Based on the above, the Court GRANTS in PART Plaintiffs/Counterdefendants' motion for attorney's fee in the amount of $6,655.00. The hearing set on November 8, 2019 shall be **vacated.**

IT IS SO ORDERED.

Dated: November 1, 2019

Hon. Gonzalo P. Curiel
United States District Judge