UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMMY GARRISON, an individual, and CHRISTINE GARRISON, an individual, Plaintiffs, v. REGINALD BUDDY RINGGOLD, III aka Rasool Abdul Rahim El, an individual, ROSEGOLD INVESTMENTS, LLP, a Delaware Partnership, and MASTER INVESTMENT GROUP, INC., a California Corporation, Defendants. | Case No.: 19cv244-GPC(RBB)<br><br>**ORDER SUA SPONTE VACATING DEFAULT JUDGMENT AGAINST DEFENDANTS ROSEGOLD INVESTMENTS, LLP AND MASTER INVESTMENT GROUP, INC.** |

On September 25, 2019, the Court granted Plaintiffs' unopposed motion for default judgment against Defendants Rosegold Investments, LLP ("Rosegold") and Master Investment Group, Inc. ("MIG") as to liability. (Dkt. No. 36.) Upon the Court's review, it sua sponte vacates the default judgment entered against Rosegold and MIG. *See* Fed. R. Civ. P. 55(c) (court "may set aside a final default judgment under Rule 60(b)"; Fed. R. Civ. P. 60(b).

/ / /

1

**Background**

Plaintiff Tommy Garrison, who is over 65 years old, and his wife, Plaintiff Christine Garrison (collectively "Plaintiffs") filed the operative first amended complaint for securities violations and financial elder abuse against Defendants Reginald Buddy Ringgold, III aka Rasool Abdul Rahim El, ("Ringgold"), Rosegold Investments LLP ("Rosegold"), and Master Investment Group, Inc. ("MIG") (collectively "Defendants"). (Dkt. No. 17, FAC.) Plaintiffs allege securities violations pursuant to § 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and Securities Exchange Commission Rule 10b-5, 17 C.F.R. § 240.10b-5; violations of California Corporation Code sections 25000 *et seq.* for unlawful business conduct as an "investment advisor" and "broker"; and financial elder abuse in violation of California Welfare & Institution Code sections 15610 *et seq.* by Tommy Garrison. (Id. ¶¶ 90-113.)

Ringgold, proceeding pro se, filed an answer. (Dkt. No. 18.) But default was entered on the FAC against Rosegold and MIG on August 30, 2019. (Dkt. No. 29.) Plaintiffs subsequently filed their motion for default judgment against Rosegold and MIG. (Dkt. No. 30.) Rosegold and MIG did not file an opposition. On September 25, 2019, the Court granted the unopposed default judgment against Rosegold and MIG as to liability.[1] (Dkt. No. 36.)

**Discussion**

In the Ninth Circuit, a court may sua sponte vacate a final judgment or order for "mistake, inadvertence, surprise, or excusable neglect under Federal Rule of Civil Procedure ("Rule") 60(b)(1). *See Kingvision Pay-Per-View Ltd. v. Lake Alice Bar*, 168 F.3d 347, 351-52 (9th Cir. 1999) (following Fourth and Fifth Circuits and holding that Rule 60(b) allows for a Court's sua sponte review of a judgment).

---

[1] The Court denied Plaintiffs' request for damages because they failed to prove up their damages. (Dkt. No. 36 at 8-9.) On October 25, 2019, Plaintiffs submitted supplemental documents to support their request for damages. (Dkt. No. 40.)

2

Under Federal Rule of Civil Procedure 54(b), the Court must consider whether it is proper to enter judgment against some but not all Defendants. *See Frow v. De La Vega*, 82 U.S. 552, 554 (1872). A default judgment on fewer than all defendants must comply with Federal Rule of Civil Procedure 54(b), which provides in relevant part: "the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). In *Frow,* the United States Supreme Court held that where one of several defendants who is alleged to be jointly liable defaults, judgment should not be entered against the defaulting defendant until the matter has been adjudicated in regard to all the defendants. *Frow*, 82 U.S. at 554. Later, the Ninth Circuit, following the Eleventh Circuit, extended the rule "to apply to defendants who are similarly situated, even if not jointly and severally liable." *In re First T.D. & Inv., Inc.,* 253 F.3d 520, 532 (9th Cir. 2001). "*Frow's* applicability turns not on labels such as 'joint liability' or 'joint and several liability,' but rather on the key question of whether under the theory of the complaint, liability of all the defendants must be uniform." *Shanghai Automation Instrument Co., Ltd. v. Kuei,* 194 F. Supp. 2d 995, 1008 (N.D. Cal. 2001). The purpose of *Frow* was to avoid inconsistent adjudications as to liability. *In re Uranium Antitrust Litig.*, 617 F.2d 1248, 1257 (7th Cir. 1980).

Here, Defendant Ringgold, proceeding pro se, is alleged to be the founder and managing partner of Rosegold and MIG. (Dkt. No. 17, FAC ¶¶ 21. 22.) Moreover, the liability of all the defendants rests on the same course of conduct, and legal issues. Therefore, all Defendants are similarly situated and default judgment should not have been entered until adjudication of all issues. *See In re First T.D. & Inv., Inc.*, 253 F.3d at 532.

## Conclusion

Accordingly, the Court sua sponte vacates the order granting default judgment as to Defendants Rosegold Investments, LLP and Master Investment Group, Inc. and denies

1 | without prejudice Plaintiffs' motion for default judgment until final adjudication of the
2 | case.
3 | IT IS SO ORDERED.
4 | Dated: January 21, 2020

Hon. Gonzalo P. Curiel
United States District Judge