UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMMY GARRISON, an individual CHRISTINE GARRISON, an individual,<br><br>Plaintiff,<br><br>v.<br><br>REGINALD BUDDY RINGGOLD, III, aka Rasool Abdul Rahim El, an Individual, ROSE GOLD INVESTMENTS, LLP, a Delaware Partnership, and MASTER INVESTMENT GROUP, INC., a California Corporation,<br><br>Defendants. | Case No.: 19-cv-0244 GPC-DEB<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR TERMINATING SANCTIONS**<br><br>[Dkt. No. 57.] |

Before the Court is Plaintiffs Tommy Garrison and Christine Garrison's motion for terminating sanctions against Defendants Reginald Buddy Ringgold, III, Rosegold Investments, LLP and Master Investment Group, Inc., or in the alternative, motion for issue preclusion sanctions. (Dkt. No. 57.) No opposition was filed. On September 11, 2020, Magistrate Judge Daniel E. Butcher[1] filed a report and recommendation granting in part and denying in part Plaintiffs' motion for terminating sanctions. (Dkt. No. 70.) No objections were filed. Based on the reasoning below, the Court ADOPTS the report and

---

[1] Magistrate Judge Butcher was assigned to this case on June 18, 2020. (Dkt. No. 64.)

recommendation in part and grants terminating sanctions as to Defendant Reginald Buddy Ringgold, III and denies terminating sanctions as to Defendants Rosegold Investments, LLP and Master Investment Group, Inc.

**Procedural Background**

On May 28, 2019, Plaintiff Tommy Garrison, who is over 65 years old, and his wife, Plaintiff Christine Garrison (collectively "Plaintiffs") filed the operative first amended complaint ("FAC") for securities violations and financial elder abuse against Defendants Reginald Buddy Ringgold, III aka Rasool Abdul Rahim El, ("Defendant" or "Ringgold"), Rosegold Investments LLP ("Rosegold"), and Master Investment Group, Inc. ("MIG").  (Dkt. No. 17, FAC.[2])  Plaintiffs allege securities violations pursuant to § 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and Securities Exchange Commission Rule 10b-5, 17 C.F.R. § 240.10b-5; and violations of California Corporation Code sections 25000 *et seq.* for unlawful business conduct as an "investment advisor" and "broker."  (*Id.* ¶¶ 90-113.) Tommy Garrison additionally alleged financial elder abuse in violation of California Welfare & Institution Code sections 15610 *et seq*. (*Id.*)

Defendant Ringgold, proceeding pro se, filed an answer and a counterclaim.  (Dkt. No. 18.)  The counterclaim alleged malicious prosecution and abuse of process, defamation, emotional distress, and sought punitive damages.  (Dkt. No. 18 at 18-20.)  On August 26, 2019, the Court granted the motion to dismiss the counterclaim as unopposed.  (Dkt. No. 27.)

Defendants Rosegold and MIG did not respond to the FAC.  Plaintiffs moved for default which was entered on August 30, 2019 against Rosegold and MIG.  (Dkt. No. 29.)  On August 30, 2019, Plaintiffs filed their motion for default judgment, (Dkt. No. 30), which the Court granted on September 25, 2019.  (Dkt. No. 36.)   However, on January 21, 2020, the Court *sua sponte* vacated the default judgment against Rosegold and MIG

---

[2] The original complaint was filed on February 4, 2019.  (Dkt. No. 1.)

noting that default judgment on fewer than all defendants must comply with Federal Rule of Civil Procedure 54(b) and under the ruling in *Frow v. De La Vega*, 82 U.S. 552, 554 (1872), default judgment should not be entered until adjudication of all issues. (Dkt. No. 44.)

## Factual Background

**A.    Ringgold's Failure to Comply with Discovery Requests and Court Order**

On November 20, 2019, Plaintiff Christine Garrison served her Request for Production (Set One) ("RFP") and Interrogatories (Set One) on Ringgold. (Dkt. No. 45-1, Restis Decl. in Supp. of Ex Parte Mot. for Determination of Disc. Dispute, Ex. D.) In the RFP, Christine Garrison requested that Ringgold produce his computers, Apple ID, and Google Play accounts for inspection so she could identify the crypto-asset related accounts, wallets, software, apps, and crypto transactions with Plaintiffs or Plaintiffs' funds. (Dkt. No. 57-2, Restis Decl., Ex. E, RFP Nos. 1-2 at 35-36.[3]) Ringgold did not timely respond to the discovery requests by December 23, 2019. (Dkt. No. 45-1, Restis Decl. in Supp. of Ex Parte Mot. for Determination of Disc. Dispute ¶¶ 5, 6.)

In response to Plaintiffs' counsel's letter informing Ringgold of his failure to respond, indicating a forthcoming motion to compel and seeking to meet and confer, (Dkt. No. 45-1, Restis Decl. ¶ 7), on January 6, 2020, Ringgold responded to the RFPs and as to RFP Nos. 1-2 he claimed his crypto-related accounts were hacked so he has not had access for over the past year and he had no responsive documents as to his Apple ID and Google Play accounts. (Dkt. No. 57-2, Restis Decl., Ex. E.) Plaintiffs also sought to inspect Ringgold's darkpool03@gmail.com and seeringgold@gmail.com email accounts to identify any emails from or related to any crypto-asset trading platforms. (*Id.,* RFP Nos. 3-4 at 36-37.) Ringgold responded that both email accounts had been hacked so he no longer had access to them. (*Id.*)

---

[3] Page numbers are based on the CM/ECF pagination.

Similarly, the Interrogatories requested that Ringgold disclose account identifiers (such as account names, numbers and associated wallet addresses) for various crypto-asset accounts. (Dkt. No. 45 at 2-15, Interrog. Nos. 2-13.) Plaintiffs also asked Ringgold to list his bitcoin and other cryptocurrency wallet addresses. (*Id.* at 15-17, Interrog. Nos. 14-15.) In response, Ringgold claimed that all his crypto-asset accounts were "hacked" a little under a year ago as well as his emails associated with the accounts and that he no longer had access to any emails, crypto-asset accounts, or crypto wallets. (*Id.*) He also represented that his "computer associated with th[ese] account[s] crashed and the hard drive fried a little over 8 months ago, so I no longer have access to th[ese] account[s] or its details that were on this laptop." (*Id.*)

Subsequently, because RFP and Interrogatories were not responsive, Plaintiffs requested a meet and confer but Ringgold did not respond and failed to contribute to Plaintiffs' filing of a discovery motion, as required by Magistrate Judge Michael S. Berg's Chambers Rules. (Dkt. No. 45-1, Restis Decl. ¶¶ 6-10.) On March 19, 2020, Magistrate Judge Berg held a hearing on Plaintiffs' motion to compel. (Dkt. No. 53; Dkt. No. 57-2, Restis Decl., Ex. F.) During this hearing, and in the written order that followed, Magistrate Judge Berg ordered Ringgold to: (1) produce documents; (2) respond to Plaintiffs' interrogatories by *inter alia*, providing information about the alleged hack, information about what steps were taken regarding the hack and obtaining the requested information, information about whether he actually held those accounts and providing the login and password information; (3) produce his computers for inspection by a forensic computer expert; and (4) provide a declaration stating he is not in possession, custody or control of documents and describe the efforts made to locate responsive documents. (Dkt. No. 54 at 2; Dkt. No. 57-2, Restis Decl., Ex. F.) Magistrate Judge Berg specifically warned Ringgold, on the record and in his order, that his "failure to comply with any of these court orders or the Federal Rules of Civil Procedure may result in the imposition of sanctions, including monetary sanctions, evidentiary sanctions, and/or the dismissal or default of [his] case." (Dkt. No. 57-2, Restis Decl., Ex. F,

Discovery Trans. at 31:14-19; *see also* Dkt. No. 54 at 2:16-19 ("Defendant Ringgold is hereby WARNED that failure to comply . . . may result in . . . evidentiary sanctions and/or terminating sanctions.").)  In contravention to Magistrate Judge Berg's order and warning, Ringgold produced nothing.  (Dkt. No. 57-2, Restis Decl. ¶ 7.)

**B.  Ringgold's Failure to Appear for Deposition**

On January 22, 2020, Plaintiffs served and emailed to Ringgold a notice of deposition of Reginald Buddy Ringgold, III set on February 4, 2020 along with alternative dates.  (Dkt. No. 57-2, Restis Decl., Exs. A, B.)  Plaintiffs' counsel sent Ringgold a confirming email on February 3, 2020, along with a courtesy copy of the deposition notice, reminding Ringgold that "your deposition will proceed tomorrow." (*Id.*, Ex. C.)  Plaintiffs' counsel also proposed alternate dates for the deposition.  (*Id.*)  On February 4, 2020, Ringgold did not appear for his deposition and after waiting 30 minutes, Plaintiffs' counsel noted Ringgold's failure to appear and concluded the deposition.  (*Id.* ¶ 5; *id.*, Ex. D.)

In light of Ringgold's failure to engage in discovery and to comply with Magistrate Judge Berg's order, on May 27, 2020, Plaintiffs filed the instant motion for terminating sanctions, or, in the alternative, issue preclusion sanctions against Defendants.  (Dkt. No. 57.)  They sought terminating sanctions in the form of default judgment for discovery violations against Ringgold and for refusing to defend as to Rosegold and MIG.  (*Id.*)  No defendants filed an opposition.  On September 11, 2020, the Magistrate Judge issued a report and recommendation granting Plaintiffs' motion for terminating sanctions against Ringgold but denying the motion as to Rosegold and MIG.  (Dkt. No. 70 at 14.)  No objections were filed.

**Discussion**

**A.  Legal Standard of Magistrate Judge's Report and Recommendation**

In reviewing a magistrate judge's report and recommendation, a district court "must make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings

or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). A district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See United States v. Reyna–Tapia*, 328 F.3d 1114 (9th Cir. 2003). While "the [§ 636(b)(1)(C)] does not require the judge to review an issue de novo if no objections are filed, it does not preclude further review by the district judge, sua sponte or at the request of a party, under a de novo or any other standard." *Thomas v. Arn*, 474 U.S. 140, 154 (1985).

Here, Defendants did not file an Objection to the R&R; therefore, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

**B.  Terminating Sanctions as to Defendant Ringgold**

Plaintiffs move for terminating sanctions under Federal Rule of Civil Procedure ("Rule") 37(b)(2), Rule 37(e)(2) and the Court's inherent power based on Ringgold's failure to attend his deposition, destruction of evidence, perjury on the court[4] and contempt of court order. (Dkt. No. 57-1 at 7-10.) They also sought terminating sanctions against Rosegold and MIG for failing to defend. (*Id.* at 6.)

**1.  Rule 37 and the Court's Inherent Authority**

Plaintiffs argue that terminating sanction should be imposed under Rule 37 and the Court's inherent authority for Ringgold's failure to attend his deposition and comply with the Magistrate Judge's order of March 19, 2020. (Dkt. No. 54.)

"Federal Rule of Civil Procedure 37 authorizes the district court, in its discretion, to impose a wide range of sanctions when a party fails to comply with the rules of discovery or with court orders enforcing those rules." *Wyle v. R.J. Reynolds Indus., Inc.*,

---

[4] The R&R noted that Plaintiffs' assertion that Ringgold committed perjury lacks evidentiary support and was not considered as a basis for terminating sanctions. (Dkt. No. 70 at 6 n. 5.) The Court agrees. Plaintiffs appeared to attribute Ringgold's statement concerning when he lost access to his crypto asset accounts "over the past year" to Ringgold's loss of access to his emails due to a hack. However, Ringgold did not represent when he lost access to his email account. (Dkt. No. 57-2, Restis Decl., Ex. E at 37-37, RFP Nos. 3, 4.) Therefore, Plaintiffs' argument is not supported.

709 F.2d 585, 589 (9th Cir. 1983) (citation omitted). Under Rule 37(b)(2)(A), "[i]f a party . . . fails to obey an order to provide or permit discovery . . ., the court where the action is pending may issue further just orders" and "may include . . . (iii) striking pleadings in whole or in part; . . . (v) dismissing the action[;] . . . or (vii) rendering default judgment against the disobedient party." Fed. R. Civ. P. 37(b)(2)(A)(iii), (v)–(vi).

The court also has the inherent authority to issue sanctions in response to abusive litigation practices. *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 958 (9th Cir. 2006). One such sanction is the authority to dismiss a case when "a party has engaged deliberately in deceptive practices that undermine the integrity of judicial proceedings" because "courts have inherent power to dismiss an action when a party has willfully deceived the court and engaged in conduct utterly inconsistent with the orderly administration of justice." *Id.* (quoting *Anheuser–Busch, Inc. v. Natural Beverage Distribs.*, 69 F.3d 337, 348 (9th Cir. 1995)). "It is firmly established that the courts have inherent power to dismiss an action or enter a default judgment to ensure the orderly administration of justice and the integrity of their orders." *Phoceene Sous-Marine, S.A. v. U.S. Phosmarine, Inc.* 682 F.2d 802, 806 (9th Cir. 1982) (citations omitted).

In imposing terminating sanctions under Rule 37 and the Court's inherent powers, the Ninth Circuit has applied the same five factor test and a finding of willfulness or bad faith. *See Leon v. IDX Systems Corp.*, 464 F.3d 951, 958 n.4 (9th Cir. 2006) ("Although this five-factor test is usually used to review the propriety of Rule 37 sanctions, this same test was applied in *Anheuser–Busch* to review sanctions granted under a court's 'inherent power.' [ ]. Accordingly, we also apply the five-factor test.").

"[W]here the drastic sanctions of dismissal or default are imposed, . . . the losing party's noncompliance must be due to willfulness, fault, or bad faith." *Fjelstad v. Honda Motor Co., Inc.*, 762 F.2d 1334, 1337 (9th Cir. 1985) (quoting *Sigliano v. Mendoza*, 642 F.2d 309, 310 (9th Cir. 1981)); *see also Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007); *Wyle v. R.J. Reynolds Indus., Inc.*,

709 F.2d 585, 589 (9th Cir. 1983) (the violations must be "due to willfulness, bad faith, or fault of the party").

The willfulness standard is met by disobedient conduct that is within the offending party's control. *Stars' Desert Inn Hotel & Country Club, Inc. v. Hwang,* 105 F.3d 521, 525 (9th Cir. 1997); *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 905 (9th Cir. 2002) ("Disobedient conduct not shown to be outside the litigant's control meets this standard."). Sanctions, including dismissal, is appropriate for a "serious or total failure to respond to discovery even without a prior order." *Sigliano v. Mendoza*, 642 F.2d 309, 310 (9th Cir. 1981). The Ninth Circuit "has specifically encouraged dismissal, however, where the district court determines 'that counsel or a party has acted willfully or in bad faith in failing to comply with rules of discovery or with court orders enforcing the rules or in flagrant disregard of those rules or orders.'" *Id.* (quoting G–K Props. v. Redevelopment Agency*, 577 F.2d 645, 647 (9th Cir. 1978)). Moreover, sanctions imposed "must be specifically related to the particular 'claim' which was at issue in the order to provide discovery." *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee,* 456 U.S. 694, 707 (1982).

Here, not only did Ringgold not timely file his discovery responses, his responses were not adequate. Further, Ringgold has wholly failed to comply with the Magistrate Judge's order compelling discovery which has inhibited Plaintiffs in prosecuting their securities fraud and elder abuse case against Ringgold. Finally, Ringgold failed to attend his noticed deposition which also has barred Plaintiffs from procuring relevant information. These failures were all within Ringgold's control. As such, Ringgold has obstructed Plaintiffs' efforts to conduct discovery and his complete failure to comply with the court's order demonstrate his conduct was willful as it was clearly done to frustrate the purpose of this litigation in order to avoid potential liability for securities fraud and elder abuse. Accordingly, the Court concludes that Ringgold's failure to comply with discovery requests, appear for his noticed deposition and failure to comply with the court's order compelling discovery was willful. *See G-K Props.*, 577 F.2d at

647-48 (finding noncompliance was willful despite discovery order as well as subsequent directives by the court to comply with the court's order compelling production of documents).

In addition, the Ninth Circuit has identified five factors that a court must consider before dismissing an action as a sanction:

(1) the public's interest in expeditious resolution of litigation;
(2) the court's need to manage its docket;
(3) the risk of prejudice to the other party;
(4) the public policy favoring disposition of cases on their merits; and
(5) the availability of less drastic sanctions.

*Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (quoting *Thompson v. Housing Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986)).  This five factor test is not a rigid, mechanical test but "a way for a district judge to think about what to do, not a series of conditions precedent before the judge can do anything, and not a script for making what the district judge does appeal-proof." *Valley Eng'rs Inc. v. Elec. Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998).  "Where a court order is violated, the first two factors support sanctions and the fourth factor cuts against a default. Therefore, it is the third and fifth factors that are decisive." *Adriana Intern. Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990).

In this case, because Ringgold has failed to comply with a court order, the first two factors, the public's interest in expeditious resolution and the Court's need to manage its docket support terminating sanctions and the fourth factor does not support sanctions.  *See id.*

On the third "prejudice" factor, a plaintiff "suffers prejudice if [a party's] actions impair the [opposing party's] ability to go to trial or threaten to interfere with the rightful decision of the case." *Adriana Int'l Corp.*, 913 F.2d at 1412.  For example, a failure to produce documents as ordered establishes sufficient prejudice.  *Id.* (citing *SEC v. Seaboard Corp.*, 666 F.2d 414, 417 (9th Cir. 1982)).  In *Adriana*, the Ninth Circuit

concluded that "the repeated failure of Adriana to appear at scheduled dispositions (sic) compounded by their continuing refusal to comply with court-ordered production of documents constitutes an interference with the rightful decision of the case." *Id.* "Failure to produce documents as ordered is sufficient prejudice, whether or not there is belated compliance." *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1236 (9th Cir. 1997); *see also Payne v. Exxon Corp.*, 121 F.3d 503, 508 (9th Cir. 1997) ("Many of the discovery responses eventually tendered by the plaintiffs came only as the discovery period was drawing to a close, or after it had already closed. Exxon and VECO were therefore deprived of any meaningful opportunity to follow up on that information, or to incorporate it into their litigation strategy. We agree with the district court that the prejudice factor favors dismissal in this case.").

Here, the Court agrees with the R&R that Plaintiffs have suffered prejudice in their ability to ascertain facts to support their securities fraud and elder abuse claims due to Ringgold's failure to appear for his deposition, failure to produce his computer, produce documents and respond to interrogatories as ordered by the Court. The discovery that Plaintiffs seek directly relate to the causes of action alleged in the FAC. The Magistrate Judge found all requested RFP and Interrogatories relevant to the issues in the case. (*See* Dkt. No. 57-2, Ex. F at 53, 55, 57, 58, 64, 66, 68, 69.) Without such discovery, Plaintiffs will be unable to prosecute their case and these discovery violations threaten to interfere with the rightful decision of the case. *See Adriana*, 913 F.2d at 1412.

As to the availability of lesser sanctions, relevant questions are: "(1) Did the court explicitly discuss the feasibility of less drastic sanctions and explain why alternative sanctions would be inadequate? (2) Did the court implement alternative methods of sanctioning or curing the malfeasance before ordering dismissal? (3) Did the court warn the plaintiff of the possibility of dismissal before actually ordering dismissal?" *Malone,* 833 F.2d at 132. "The district court abuses its discretion if it imposes a sanction of dismissal without first considering the impact of the sanction and the adequacy of less drastic sanctions." *Id.* at 131-32 (quoting *United States v. Nat'l Med. Enters., Inc.*, 792

F.2d 906, 912 (9th Cir. 1986)).  A "[w]arning that failure to obey a court order will result in dismissal can itself meet the 'consideration of alternatives' requirement." *Estrada v. Speno & Cohen*, 244 F.3d 1050, 1057 (9th Cir. 2001); *Malone*, 833 F.2d at 132–33; *Adriana*, 913 F.2d at 1413.  Here, the Magistrate Judge at the hearing and in a court order warned Ringgold that failure to comply could result in dismissal sanctions.  (Dkt. No. 54 at 2.)  Moreover, the Court concludes that other less drastic sanctions would not be feasible.  For example, imposing monetary sanctions would be meaningless.  In a prior order, the Court granted Plaintiffs' motion for attorney's fees as prevailing parties on a special motion to strike against Ringgold in the amount of $6,655.00.  (Dkt. No. 41 at 9.)  However, Ringgold has not yet paid the sanction.  (Dkt. No. 57-2, Restis Decl. ¶ 9.)  Next, giving Ringgold another opportunity to comply with his discovery obligations and the court order would also be futile as it appears that Ringgold has wholly given up on defending this case.[5]  Ringgold last appeared in the case at the discovery conference on March 19, 2020.  (Dkt. No. 53.)  Since then, he has not responded to Plaintiffs' motion for terminating sanctions, did not object to the R&R and did not file an opposition to Plaintiffs' pending motion for summary judgment against Ringgold and amended motion for default judgment as to Rosegold and MIG.  Therefore, because it appears that Ringgold has stopped defending this case, any other less drastic sanctions would not render Ringgold's compliance or deter any future noncompliance.  Thus, this factor favors terminating sanctions.

   Because the Court concludes that Ringgold acted willfully by failing to comply with the court's order and after the consideration of the five factors that support terminating sanctions, the Court ADOPTS the report and recommendation that sanctions are appropriate under Rule 37(b) and the Court's inherent powers and GRANTS

---

[5] Ringgold has also stopped defending the SEC case against him in 18cv2287-GPC(DEB) where his last filing was on May 6, 2020 when he filed objections to the R&R granting terminating sanctions.  (Case No. 18cv2287, Dkt. No. 115.)  Pending before the Court in that case is a motion for permanent injunction and monetary relief which Ringgold has not opposed.  (*Id.*, Dkt. No. 129.)

Plaintiffs' motion for terminating sanctions. *See In the Matter of Visioneering Const.*, 661 F.2d 119, 123 (9th Cir. 1982) ("Rule 37 provides for, *inter alia*, the entering of a judgment by default for the failure of a party to attend a properly noticed deposition or serve answers to interrogatories or respond to requests for inspection of documents."); *Hammond Packing Co. v. Arkansas*, 212 U.S. 322, 351 (1909) (dismissal (or default) does not offend due process, when, as here, the dismissal (or default) is a sanction for "the suppression or failure to produce the proof ordered, when such proof concerned the rightful decision of the cause").

### 2. Rule 37(e)(2)

Plaintiffs also rely on Rule 37(e)(2)[6] to support their motion for terminating sanctions based on the spoliation of evidence. The R&R found that Ringgold spoliated ESI by failure to produce the ESI. The Court disagrees and DECLINES to adopt the R&R under Rule 37(e).

"Spoliation is the destruction or significant alteration of evidence, or the failure to preserve [evidence,] . . . in pending or reasonably foreseeable litigation." *Compass Bank v. Morris Cerullo World Evangelism*, 104 F. Supp. 3d 1040, 1051-52 (S.D. Cal. 2015) (citing *United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1001 (9th Cir. 2002)). Rule 37(e) controls when a party seeks sanctions for a failure to preserve electronically stored information. Fed. R. Civ. P. 37(e). Rule 37(e) requires the following four requirements be met before sanctions may be imposed: "(1) whether the information qualifies as electronically stored information ('ESI'); (2) whether the ESI is 'lost' and 'cannot be restored or replaced through additional discovery'; (3) whether the ESI 'should have been preserved in the anticipation or conduct of litigation'; and (4) whether the responding party failed to take reasonable steps to preserve the ESI." *Colonies*

---

[6] Rule 37(e)(2) provides that "only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may: (A) presume that the lost information was unfavorable to the party; (B) instruct the jury that it may or must presume the information was unfavorable to the party; or (C) dismiss the action or enter a default judgment." Fed. R. Civ. P. 37(e)(2).

1  *Partners, L.P. v. Cnty. of San Bernardino*, Case No. 5:18-cv-00420-JGB (SHK), 2020
2  WL 1496444, at *2 (C.D. Cal. Feb. 27, 2020) (quoting Fed. R. Civ. P. 37(e)).  The
3  moving party has the burden to show that the evidence was in fact lost and "cannot be
4  restored or replaced through additional discovery." Fed. R. Civ. P. 37(e). "A party must
5  show by competent evidence, which could take the form of expert testimony or other
6  evidence, that the ESI sought was actually lost." *Colonies Partners,* 2020 WL 1496444,
7  at *5 (citing *Hugler v. Southwest Fuel Mgmt., Inc.*, Case No. 5:18-cv-00420-JGB (SHK),
8  2017 WL 8941163, at *9 (C.D. Cal. May 2, 2017)).

9       Here, to support spoliation of electronic evidence by Ringgold, Plaintiffs rely
10 solely on Ringgold's responses to discovery claiming that his crypto-accounts were
11 hacked, that his emails have been hacked and that his computer associated with these
12 accounts crashed and "fried" a little over 8 months ago.  (*See* Dkt. No. 45, Interrogs. Nos.
13 8, 11, 12, 13, 14, 15, 17.)  However, the responses do not support a showing under Rule
14 37(e) that the ESI has been lost and cannot be restored or placed through additional
15 discovery.  *See* Fed. R. Civ. P. 37(e).  Ringgold has a litigation history before this Court
16 of not being truthful, (*see e.g.,* Case No. 18cv2287-GPC(DEB), Dkt. No. 117 at 2
17 (finding Ringgold willfully filed false declarations)).  While Ringgold's responses may
18 be truthful, they also could be false and a means to avoid producing potentially harmful
19 information against him.  Ringgold's failure to respond to RFPs and Interrogatories and
20 produce his computer for inspection show that he failed to comply with discovery and the
21 Magistrate Judge's Order; they do not demonstrate the spoliation of ESI sufficient to
22 impose sanctions under Rule 37(e).  Accordingly, Plaintiffs' motion for terminating
23 sanction pursuant to Rule 37(e) is not supported and the Court DECLINES to adopt the
24 R&R and DENIES the Plaintiffs' motion pursuant to Rule 37(e).
25 **C.**  **Terminating Sanctions as to Defendant Rosegold and MIG**
26      Plaintiffs also move for terminating sanctions against Rosegold and MIG for their
27 failure to defend.  (Dkt. No. 57-1 at 6-7.)  However, Plaintiffs have not shown that a
28 failure to defend is sanctionable conduct under Rule 37 and the Court's inherent powers.

1    Accordingly, the Court ADOPTS the R&R denying terminating sanctions against
2    Rosegold and MIG.  As noted in the R&R, the appropriate relief against Rosegold and
3    MIG is a motion for default judgment which is pending before this Court.

### Conclusion

Based on the above, the Court ADOPTS in part and DENIES in part the report and recommendation of the Magistrate Judge and GRANTS Plaintiffs' motion for terminating sanctions as to Defendant Ringgold under Rule 37(b) and the Court's inherent powers. Default judgment shall be entered against Defendant Ringgold as to all claims in the first amended complaint.  The Court DENIES Plaintiffs' motion for terminating sanctions under Rule 37(e).  The Court also DENIES Plaintiffs' motion for terminating sanctions as to Rosegold and MIG.  Because the Court enters default judgment against Ringgold, the Court DENIES Plaintiffs' motion for summary judgment as to claims against Ringgold as MOOT, (Dkt. No. 67).

The hearing set on November 13, 2020 shall be **vacated**.

IT IS SO ORDERED.

Dated:  November 6, 2020

Hon. Gonzalo P. Curiel
United States District Judge